UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

   v.              Case No. 23-CV-323

**APPROXIMATELY $115000 US CURRENCY**
**FROM BMO HARRIS BANK ACCOUNT**
**ENDING IN 0338,**

    **Defendant,**

**BILL K. COOK and DEBBIE COOK,**

    **Claimants,**

---

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE CLAIM AND FOR DEFAULT JUDGMENT[1]

---

  On March 10, 2023, the government filed a verified complaint for civil forfeiture *in rem* against the defendant, approximately $115,000.00 in United States currency. (Docket # 1.) The government now moves to strike the purported claim of Bill K. Cook and Debbie Cook and for the entry of default judgment. (Docket # 30.) For the reasons explained below, I recommend that the government's motion be granted.

### BACKGROUND

  The government states that notice by internet publication of the filing of the *in rem* complaint began on March 11, 2023; thus, pursuant to Rule G(4)(a) of the Supplemental

---

[1] Because Debbie Cook has appeared but has not filed a consent or refusal to magistrate judge jurisdiction, I issue a report and recommendation regarding the plaintiff's motion. *See Coleman v. Labor and Industry Review Commission,* 860 F.3d 461 (7th Cir. 2017).

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the claim-filing deadline for any claimant who did not receive direct notice of the filing of the complaint was May 10, 2023. (Docket # 4.) Both claimants in this action, Bill K. Cook and Debbie Cook, received direct notice dated March 14, 2023 and were instructed that pursuant to Rule G(5)(a), any claimant to the defendant property must file a verified claim meeting the requirements of Rule G(5)(a) within 35 days of the date of the notice and must file an answer or motion pursuant to Fed. R. Civ. P. 12 within 21 days of filing the claim. (Docket #5, Docket # 6.) On April 20, 2023, the government submitted notice of its intent to move for default judgment, noting that both Bill Cook and Debbie Cook signed for and accepted the March 14 notice documents on March 21, 2023 and that the 35-day time limit in which to file a claim expired on April 18, 2023 with no filings made. (Docket # 13.)

On May 11, 2023, Bill Cook filed a motion requesting an additional two weeks to file his claim due to health issues, financial difficulties, and the recent death of his mother. (Docket # 15.) Cook's motion was granted and he was given until May 26, 2023 to file his claim. (*See* Text Only Order dated May 12, 2023.) On May 16, 2023, Cook again asked for an extension until June 26, 2023 due to his health issues, financial difficulties, and the recent death of his mother. (Docket # 17.) Cook's motion was granted. (*See* Text Only Order dated May 30, 2023.) On June 26, 2023, Cook filed a third motion for an extension, asking for an additional three weeks to attempt to find legal representation. (Docket # 18.) Cook's motion was again granted and he was given until July 17, 2023 to file his claim; however, Cook was warned that this would be his final extension of time. (*See* Text Only Order dated June 30, 2023.)

2

On July 17, 2023, Bill and Debbie Cook submitted a joint claim in which they identified the specific property claimed, identified their interest in the property, and served it on the government's attorney pursuant to Rule G(5)(a); however, neither individual signed the claim under penalty of perjury as required by Rule G(5)(a)(i)(C). (Docket # 21.) In a letter dated July 18, 2023, the government noted the claim's deficiency, i.e., its failure to comply with Rule G(5)(a)(i)(C); however, stated that it would not object to the claimants filing a corrected claim by August 1, 2023 given their *pro se* status. (Docket # 25.) The government advised that if the claimants failed to file a corrected verified claim, it intended to move to strike the claim and move for default judgment. (*Id.*)

On August 9, 2023, Bill Cook filed a "Request for Discovery Information" directed at the government. (Docket # 27.) On August 11, 2023, the government filed a letter advising that the Cooks had not corrected their claim and instead sought discovery. The government argues that discovery cannot be conducted until a valid claim and answer are filed. (Docket # 28.) The government stated that it would not object to again giving claimants an extension until August 29, 2023 to file a corrected claim. (*Id.*) In a letter dated August 26, 2023, Bill Cook submits that he believes he has submitted the necessary documents. (Docket # 29.)

On September 21, 2023, the government moved to strike the Cooks' claim and moved for default judgment. (Docket # 30.) The Cooks did not respond to the government's September 21, 2023 motion. The Court scheduled a hearing on the government's motion for November 2, 2023 via Zoom. The Cooks were given notice of the hearing via email and through the United States mail. Neither Cook appeared at the hearing. Thus, the government's motion is now fully briefed and ready for resolution.

3

## LEGAL STANDARD

Actions for civil forfeitures *in rem* arising from a federal statute are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rule G(5) governs responsive pleadings in forfeiture actions. Rule G(5)(a)(i) provides as follows:

> (a) Filing a Claim.
>
> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A) identify the specific property claimed;
>
> (B) identify the claimant and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and
>
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Rule G(5)(a)(ii)(A) provides that unless the court, for good cause, sets a different time, the claim must be filed by the time stated in the direct notice sent under Rule G(4)(b). Rule G(5)(b) provides that a claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. Rule G(8)(c)(i)(A) provides that the government may move to strike a claim or answer at any time before trial for failing to comply with Rule G(5).

## ANALYSIS

As stated above, both Bill and Debbie Cook received direct notice of the forfeiture complaint dated March 14, 2023 on March 21, 2023. (Docket # 5; Docket # 6; Docket # 13.) The notice instructed that within 35 days of the date of the notice, the Cooks would need to file a verified claim meeting the requirements of Rule G(5)(a) and articulated the four

4

requirements listed in Rule G(5)(a)(i)(A)–(D). (Docket # 5; Docket # 6.) Although the claim deadline passed without any claims being filed, on April 20, 2023, the government agreed to give the claimants until May 11, 2023 to file a claim. (Docket # 13.) It was then, for the first time, that Bill Cook filed a document related to the subject property. He asked for additional time to file a verified claim. Cook's request was granted. This initial extension began a series of extension requests by Cook in which the Court reiterated each time it granted a request that any verified claim must comply with Rule G(5) and the need to also file a complaint complying with Rule G(5)(b).

While the Cooks did file a purported claim within the final extension time-frame given by the Court of July 17, 2023, the claim was not verified, or signed under penalty of perjury, as required by Rule G(5)(a)(i)(C). The government advised the Cooks of this specific deficiency twice (Docket # 25; Docket # 28) and said it would not object to the Cooks filing a corrected claim by August 1, 2023 (Docket # 25) and then by August 29, 2023 (Docket # 28). Despite the significant latitude provided to the Cooks, they still have not amended their claim to comply with the federal rule.

While I appreciate that the Cooks are acting *pro se* and that Bill Cook in particular has serious health problems (Docket # 29), given the clarity of the instructions provided as well as the multiple opportunities to correct the error, it is unclear why the Cooks have failed to simply re-sign their purported claim "under penalty of perjury." Rule G(8)(c)(i)(A) provides that the government may move to strike a claim for failing to comply with Rule G(5).

While it may seem to a lay person that requiring the complaint to be signed "under penalty of perjury" is an unnecessary technicality, as the Seventh Circuit has stated, "verification is an essential element of any claim because of the substantial danger of false

5

claims." *United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000) (internal quotation and citation omitted). The court explained that "[v]erification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse." *Id.* Once again, while I appreciate the difficulties of proceeding *pro se* and Bill Cook's health concerns, he has remained able to file other documents in this case such as the request for discovery. Thus, there is no reason why the Cooks cannot comply with Rule G(5)(i).

Furthermore, even if the Cooks believed, as they stated in their August 29, 2023 letter, that they have submitted all necessary documents (Docket # 29), Rule G(5)(b) also requires the filing of an answer or motion under Rule 12 within 21 days after filing the claim. To date, the Cooks still have not filed an answer. The Seventh Circuit has stated that it is proper for a district court to insist, absent special circumstances, on strict compliance with the federal rules to establish standing to contest the forfeiture. *Saul Stone & Co.*, 219 F.3d at 598. Despite repeated instructions on how to pursue their claim and despite being given multiple opportunities to cure the defect in their purported claim, the Cooks have failed to do so. Nor have the Cooks attempted to file an answer consistent with the rule if they believed their July 17, 2023 claim was sufficient. For these reasons, I recommend that the government's motion to strike the Cooks' claim be granted. With no other claims filed, I recommend that default judgment be entered pursuant to Fed. R. Civ. P. 55.

**NOW, THEREFORE, IT IS RECOMMENDED** that the plaintiff's motion to strike and for default judgment (Docket # 30) be **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable,

whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2023.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge