UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

APPROX $115,000 US CURRENCY FROM BMO
HARRIS BANK ACCOUNT ENDING IN 0338,

        Defendant.

BILL K. COOK and DEBBIE COOK,

        Claimants

Case No. 23-cv-0323-bhl

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION TO STRIKE PURPORTED CLAIM AND FOR ENTRY OF DEFAULT JUDGMENT

      On March 10, 2023, the government filed a verified complaint for civil forfeiture *in rem* against the defendant, approximately $115,000 in United States currency. (ECF No. 1.) The matter was randomly assigned to Magistrate Judge Nancy Joseph. The complaint alleges that the defendant property constitutes or was derived from proceeds traceable to offenses constituting "specified unlawful activity," as defined in 18 U.SC. §1956(c)(7), with reference to 18 U.S.C. §1961(1), namely, wire fraud, committed in violation of 18 U.S.C. §1343 and, is therefore subject to forfeiture to the United States of America under 18 U.S.C. §981(a)(1)(C). (*Id.* at 2.) On March 11, 2023, notice of this civil forfeiture action was posted on an official government internet site for a least 30 consecutive days, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and Civil Local Rule 101. (ECF No. 30 at 2.) Also, on March 14, 2023, the United States filed notices of the complaint for civil forfeiture of property and served them by certified mail, along with copies of the verified complaint upon potential claimants, Bill Cook, Debbie, Cook, Dakota Intertek, and Baxton Environmental Services Corp. (*Id.* citing ECF Nos. 5-11.) Pursuant to Rule G(4)(b) of the Supplemental Rules

for Admiralty or Maritime Claims and Asset Forfeiture Actions, any claimant to the defendant property must file a verified claim within thirty-five (35) days of the date of the notice and must file an answer or motion pursuant to Rule 12 of Federal Rules of Civil Procedure within twenty-one (21) days after filing the claim and the claim must meet the requirements of Rule G(5)(a), including that the claim be signed by the claimant under penalty of perjury. (ECF No. 5 & 6.) According to return receipts, the Cooks each received a copy of the complaint on March 21, 2023. (ECF No. 30 at 2.)

On April 20, 2023, the United States filed a letter advising the Court that no claims were filed, the time limit for potential claimants to file a claim had expired, and the government would move for default if no claim was filed before May 11, 2023. (ECF No. 13 at 1.) The United States sent copies of this letter via certified and first-class mail to potential claimants including Bill Cook and Debbie Cook. (*Id.* at 3.) The April 20, 2023, letter again quoted Supplemental Rule G(5)(a)'s requirements including that the claim be signed by the claimant under penalty of perjury. (*Id.* at 2.) It also noted that any claim must be followed by an answer within 21 days after filing a claim. (*Id.*)

On May 11, 2023, Bill Cook filed a motion requesting an additional two weeks to file his claim. (ECF No. 15.) Over the next several months, Magistrate Judge Joseph granted a number of extensions to Cook to file his claim. *See* Text Only Orders dated 5/12/23, 5/30/23, and 6/30/23. On June 30, 2023, Judge Joseph gave Cook until July 17, 2023, to file any claim and noted "THIS IS CLAIMANT'S FINAL EXTENSION OF TIME. NO FURTHER EXTENSIONS WILL BE GRANTED." Despite this admonition, Cook filed a fourth request for an extension of time (ECF No. 19), which was opposed by the United States (ECF No. 20), and then filed a document purporting to be a claim signed by him and Debbie Cook. (ECF No. 21.) This filing was not signed under penalty of perjury as required by Supplemental Rule G(5)(a)(i)(C). On July 18, 2023, the United States advised the Cooks that it would not object to the Cooks filing a corrected claim on or before August 1, 2023, given their *pro se* status. (ECF No. 25.) The Cooks were again advised that compliance with Supplemental Rule G(5)(a) was required for their claim to be considered. (*Id.*)

On August 9, 2023, Bill Cook filed a "Request for Discovery Information" directed at the government. (ECF No. 27.) On August 11, 2023, the government responded that the Cooks had not corrected their claim and instead sought discovery and argued that discovery cannot be

conducted until a valid claim and answer are filed. (ECF No. 28.) The government further stated that it would not object to again giving claimants an extension until August 29, 2023, to file a corrected claim meeting all the requirements of Supplemental Rule G(5)(a). (*Id.*) In a letter dated August 26, 2023, Bill Cook submitted that he believed he had submitted the necessary documents. (ECF No. 29 at 1.)

On September 21, 2023, the government moved to strike the Cooks' purported claim and for entry of default judgment. (ECF No. 30.) The Cooks did not respond to the government's motion. Judge Joseph scheduled a hearing on the government's motion for November 2, 2023, via Zoom and the Cooks were provided notice of the hearing via email and through the United States mail. (ECF No. 32.) Neither Cook appeared at the hearing and Judge Joseph decided to render a decision on the government's motion. (ECF No. 33.) On November 13, 2023, Judge Joseph issued a report recommending that this Court grant the United States' motion for default judgment.[1] (ECF No. 35.) Under 28 U.S.C. Section 636(b)(1), the Cooks had 14 days to file and serve written objections to Judge Joseph's report. To date, no such objections have been filed. When no objections are raised, a district court reviews the report only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir 1995); *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court having reviewed the report and the overall record will adopt Judge Joseph's report recommending that the government's motion be granted. In this case, the Cooks received direct notice dated March 14, 2023, of the civil forfeiture action and the requirements for filing a verified claim. The 35-day limit to file such a claim expired on April 18, 2023. The Court finds that the Cooks were repeatedly provided instructions on how to pursue their claim and despite being given multiple extensions and opportunities to cure the defect in their purported claim, failed to do so. "[V]erification [under penalty of perjury] is an essential element of any claim because of the substantial danger of false claims" and "is not a mere technical requirement that [may be] easily excuse[d]." *United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000) (internal quotations and citation omitted). As noted by Judge Joseph, even if the Cooks believed that they submitted all necessary documents, which they did not, Rule

---

[1] Because Debbie Cook appeared but did not file a consent or refusal to magistrate judge jurisdiction, Judge Joseph did not have jurisdiction to enter judgment. *See Coleman v. Lab. and Indus. Rev. Comm'n*, 860 F.3d 461, 465-66 (7th Cir. 2017).

G(5)(b) also requires the filing of an answer or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the claim. (ECF No. 35 at 6.) The Cooks also never filed an answer. The Court finds that no timely verified claim has been filed as to the defendant property, approximately $115,000 in United States currency. The Court will therefore adopt the report and grant the United States' motion to strike and for entry of default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Joseph's Report and Recommendation, ECF No. 35, is adopted and the United States' motion to strike purported claim and for entry of default judgment, ECF No. 30, is **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the defendant property, approximately $115,000 in United States currency, be and hereby is forfeited to the United States of America and that no right, title or interest in the defendant property shall exist in any other party.

**IT IS FURTHER ORDERED** that the defendant property shall be seized forthwith by the United States Marshal Service for the Eastern District of Wisconsin or its duly authorized agent and shall be disposed of according to law.

Dated at Milwaukee, Wisconsin on January 5, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

Judgment entered this 5th day of January 2024.

GINA COLLETTI
Clerk of Court

By: s/Julie D.

Deputy Clerk